**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:14-CV-114-GCM-DCK**

| | |
|---|---|
| LISA COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **MEMORANDUM AND** |
| v. | ) **RECOMMENDATION** |
| | ) |
| CAROLYN W. COLVIN, | ) |
| **Acting Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Dismiss" (Document No. 9). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of Defendant's motion, the record, and applicable authority, the undersigned will respectfully recommend that "Defendant's Motion To Dismiss" be granted.

## I. BACKGROUND

*Pro se* Plaintiff Lisa Collins ("Plaintiff") seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On November 5, 2010, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work due to a disabling condition beginning July 3, 2008. (Document No. 10-1, p.8). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on January 25, 2011, and again after reconsideration on April 15, 2011. Id.

Plaintiff filed a written request for a hearing on May 9, 2011. Id. On May 20, 2013, Plaintiff appeared and testified at a hearing before Administrative Law Judge Richard E. Guida ("ALJ"). (Document No. 10-1, p.21). In addition, Bassey A. Duke, Ed.D., a vocational expert ("VE"), and Margaret DeVries, Plaintiff's attorney, appeared at the hearing. (Document No. 10-1, p.8).

The ALJ issued an unfavorable decision on May 31, 2013, denying Plaintiff's claim. (Document No. 10-1, pp.5-21). Plaintiff filed a request for review of the ALJ's decision on or about June 25, 2013, which was denied by the Appeals Council on August 21, 2013. (Document No. 10-1, pp.28-32). The May 31, 2013 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Document No. 10-1, p.28). The August 21, 2013, "Notice Of Appeals Council Action" specifically informed Plaintiff that she had **sixty (60) days** to file a civil action to seek further review; however, Plaintiff delayed filing a civil action until almost five (5) months after her deadline to do so. See (Document No. 10-1, pp.29-30; Document No. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was finally filed in this Court on March 17, 2014. (Document No. 1). On April 1, 2014, the undersigned was assigned to his case as the referral magistrate judge. "Defendant's Motion To Dismiss" (Document No. 9) and "Memorandum In Support Of Defendant's Motion To Dismiss" (Document No. 10) were filed July 9, 2014. Defendant seeks dismissal pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), asserting that Plaintiff's action was not timely commenced. (Document No. 9).

On July 10, 2014, the undersigned entered an "Order" (Document No. 11) in accordance with Roseboro v. Garrison, 582 F.2d 309 (4th Cir. 1975), advising Plaintiff that she had the right

to respond to Defendant's pending motion and that failure to file a timely and persuasive response would likely lead to dismissal of this lawsuit. The Court directed that Plaintiff's response to the pending motion be filed on or before July 28, 2014. (Document No. 11). On August 1, 2014, Plaintiff instead filed a "Notice Of Change Of Address" (Document No. 12) and a "Motion For Extension Of Time" (Document No. 13).

The undersigned granted Plaintiff's "Motion For Extension Of Time" on August 4, 2014, and ordered that Plaintiff file a response to the pending motion to dismiss on or before **August 20, 2014**. (Document No. 14). The undersigned again advised Plaintiff that "[f]ailure to file a timely and persuasive response will likely lead to dismissal of this lawsuit." Id.

To date, Plaintiff has failed to file a response, and the time to do so has lapsed. (Document No. 14). The pending motion is now ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Graham C. Mullen is now appropriate.

## II. STANDARDS OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the

moving party is entitled to prevail as a matter of law." Id. See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (citing Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court

"should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

Defendant argues that this action must be dismissed because it was filed more than sixty (60) days after the "Final Decision" of the Commissioner. (Document No. 10, p.2). In pertinent part, Defendants brief provides:

> Congress may prescribe the procedures and conditions under which, and the courts in which, judicial review of administrative orders may obtain. Tacoma v. Taxpayers of Tacoma, 357 U.S. 320, 336 (1958). Judicial review of final decisions on claims arising under Title II and Title XVI of the Social Security Act is provided for and limited by sections 205(g) and (h) of said Act, 42 U.S.C. § 405(g) and (h). The remedy provided by section 205(g) is obviously exclusive. The relevant provisions of section 205(g) reads as follows:
>
> > (g) Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by <u>a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow</u>. * * *
> >
> > (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. <u>No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided</u>. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter (Emphasis supplied).
>
> It is clear from the above provisions of the Social Security Act, that the only civil action permitted on any claim arising under

5

> Title II and Title XVI of the Social Security Act is an action to review the "final decision of the Commissioner made after a hearing * * * " and that such action must be "commenced within sixty days after the mailing to him [the party bringing the action] of notice of such decision or within such further time as the Commissioner may
> allow."

(Document No. 10, pp.2-3).

Defendant goes on to cite numerous cases supporting the sixty (60) day statute of limitation period, including decisions by the Fourth Circuit. (Document No. 10, pp.3-4) (citing <u>Hyatt v. Heckler</u>, 807 F.2d 376, 378 (4th Cir. 1986), <u>cert. denied</u> 484 U.S. 820 (1987) and <u>Hunt v. Schweiker</u>, 685 F.2d 121 (4th Cir. 1982)). Defendant acknowledges that the Fourth Circuit has held the period of limitation to be subject to equitable tolling rather than a jurisdictional limit. (Document No. 10, p.4); <u>see also</u> <u>Sadler v. Astrue</u>, 2010 WL 1286701, at *3 (E.D. Va. March 8, 2010) ("equitable tolling must be justified by exceptional circumstances"). Defendant, however, succinctly asserts that there are no circumstances presented here that justify equitable tolling of the sixty (60) day requirement. (Document No. 10, p.5).

The undersigned finds Defendant's arguments to be persuasive and supported by sound reasoning and relevant legal authority. Moreover, without any response from Plaintiff, there is no suggestion that equitable tolling is appropriate here. It appears that Plaintiff has abandoned her claim.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendant's Motion To Dismiss" (Document No. 9) be **GRANTED**.

<u>The Clerk of Court is directed to send Plaintiff a copy of this Order by certified U.S. Mail, return receipt requested</u>.

## V.     TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316;  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989);  Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: August 21, 2014

David C. Keesler
United States Magistrate Judge